UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:12-cr-00102-TWP-DML |
| JOSHUA N. BOWSER, et. al. | ) |
| Defendant. | ) |
| _____ | ) |
| BRADLEY CARLSON, | ) |
| Interested Party. | ) |

## ENTRY ON INTERESTED PARTY MOTIONS

This matter is before the Court on several motions filed by interested party Bradley Carlson. Mr. Carlson seeks to intervene in the forfeiture of Outlaws Motorcycle Club ("OMC") paraphernalia and to reopen final orders of forfeiture entered in this case. Mr. Carlson alleges that he and the OMC were not adequately notified of the preliminary orders of forfeiture of OMC paraphernalia seized on July 11, 2012, that the paraphernalia is owned by the collective membership of the OMC and not individual members, and that he has established a property right that entitles him to the property forfeited by the criminal defendants in this case. The United States ("the Government") objects to and seeks dismissal of Mr. Carlson's motions. For the reasons stated below, the Court **DENIES** Mr. Carlson's motions and makes the following rulings.

### I. BACKGROUND

On July 3, 2012, a federal grand jury returned a thirty-six count Indictment in this matter against 42 defendants, including 17 defendants alleged to be members of the Outlaws Motorcycle Club, who were charged with violating the Racketeer Influenced and Corrupt Organizations

("RICO") statute. The Indictment and two Superseding Indictments included a notice of the Government's intent to forfeit any and all property affording the RICO defendants with a source of influence over the enterprise and all property obtained, directly or indirectly, from racketeering activity.

On July 11, 2012, in connection with the arrests of the 17 OMC defendants, the FBI executed 17 search warrants on the OMC clubhouses located in Indianapolis and Fort Wayne, Indiana, the OMC bunkhouse in Indianapolis, and several individual residences. The FBI seized many items bearing the insignia of the OMC, which will be referred to as "OMC paraphernalia".

In the guilty pleas of the 17 OMC defendants, each agreed to forfeit the OMC paraphernalia seized by the FBI. The Government sought and received final orders of forfeiture for many of the defendants. Thereafter, on March 24, 2014, Mr. Carlson, *pro se*, wrote a letter to the Court, which the Court has treated as a Motion for a Hearing and Petition to Intervene in a criminal forfeiture action. The Government moved to dismiss the motion as untimely, given that only one circumstance existed where the Court had filed a preliminary order of forfeiture and a final order had not yet been entered. Otherwise, the time period for intervening had passed. Mr. Carlson then filed his Motion to Reopen a Portion of Final Orders in a caption titled United States of America v. Joshua N. Bowser, et.al., specifically the Orders filed in the cases of Joshua N. Bowser, James W. Bain, Edward J. Bolen, Michael Medlin, Jamie Bolinger, Bryan E. Glaze, Stephen D. Duff, Richard C. DeMarco, Jr., Steve A. Reynolds, Michael Hamilton, Steven Lecclier, Dominic Mangine, Michael Schlicher, Kent Whitinger, Stephen M. Whitinger, Lawrence Gregory, Mark Bisel, Michael Knoll, and Vance Canner. Mr. Carlson also challenged "any other pending motions and/or orders seeking forfeiture of indicia and memorabilia of the" OMC. Filing No. 2834, at ECF

p. 1. In response, the Government states that it has already destroyed much of the OMC paraphernalia and has agreed to return a portion to another intervenor, Roger Hollon.

## II. **LEGAL STANDARD**

The RICO statute provides that any person who violates the RICO statute shall forfeit to the United States any interest in, security of, claim against, or property which the person used to violate 18 U.S.C. § 1962. 18 U.S.C. § 1963(a). It further provides that, "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States" may "petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 18 U.S.C. § 1963(l)(2). A petitioner's right to the property must have vested in petitioner and not defendant "at the time of the commission of the acts which gave rise to the forfeiture of the property," or the purchaser must be a bona fide purchaser of the property. 18 U.S.C. § 1963(l)(6).

The statue provides that following the entry of a forfeiture order, "the United States shall publish notice of the order and of its intent to dispose of the property in such a manner as the Attorney General may direct. The Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified." 18 U.S.C. § 1963(l)(1). Federal Rule of Criminal Procedure 32.2(b)(6)(A) also directs that "the government must publish notice of the order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding." Rule 32.2(b)(6)(C) sets forth the means of publication, which must take place as directed in Supplemental Rule G(4)(a)(iv) of the Federal Rules of Civil Procedure. Rule G(4)(a)(iv) provides three methods of publication, including "posting a notice on an official internet government

3

forfeiture site for at least 30 consecutive days." Rule G(4)(b) also provides for direct notice to "any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)" and in a matter reasonably calculated to reach the potential claimant.

### III. DISCUSSION

The dispositive issue before the Court is whether Mr. Carlson was due direct notice of the forfeiture actions filed in this case. If so, then justice would require the Court to reopen the forfeitures to allow Mr. Carlson to assert his interest in the subject paraphernalia. After careful consideration of the law and factual assertions, the Court finds that Mr. Carlson has not established that the Government was in possession of facts that would have required it to seek out and send him actual notice of the forfeiture proceedings for the defendants in this case.

Mr. Carlson asserts that he has been vested with superior possessory interest in all items of OMC indicia for well over seven years, and that he has direct control over the distribution of patches and other indicia to chapters across the United States. He further asserts that the Department of Justice was aware that the OMC national headquarters is located in Wisconsin. In his Motion for Judicial Notice ([Filing No. 2905](Filing No. 2905)), Mr. Carlson accuses the Government of misrepresentations and cites to cases outside this district that have noted the existence of a national clubhouse for OMC in Wisconsin, as well as a wiretap application of Mr. Carlson's cell phone. He also makes note that the Government has not sworn to facts under the penalties of perjury.

The Court first notes that lawyers before it are considered "officers of the court" and as such are subject to higher ethical conduct not binding on the general public. *See, e.g.*, *Application of Griffiths*, 413 U.S. 717, 732–33 (1973) (Burger, J., dissenting). Therefore, the Court will accept the Government's unsworn statement that it, in fact, did not know who Mr. Carlson was or that he

4

existed when notice of the forfeitures in this case were published. That other Assistant United States Attorneys in other parts of the country had heard of Mr. Carlson does not make it so that counsel in this case was aware of Mr. Carlson and his potential interest in the OMC paraphernalia. There are no facts presented that convince the Court that the Government knew of potential interested parties who were entitled to particularized notice, in accordance with Rule G(4)(b)(i).

This is consistent with *United States v. Rosga*, 864 F. Supp. 2d 439 (E.D. Va. 2012), a case strikingly similar to the matter before the Court. In *Rosga*, members of the OMC alleged that they were due specific notice under the same statute and rules cited above, and relied upon by Mr. Carlson. The court cited *United States v. Phillips*, 185 F. 3d 183, 186–87 (4th Cir. 1999), for the proposition that specific notice is permissive, not mandatory. Mr. Carlson argues *Rosga* and *Phillips* ignore changes in Rule 32.2 in 2000 and 2009, but fails to explain how the amendments changed the application of that rule. *See* Fed. R. Crim. P. 32.2, comments to 2009 amendments ("The amendment governs such mechanical and technical issues as the manner of publishing notice of forfeiture to third parties and the interlocutory sale of property, bringing practice under the Criminal Rules into conformity with the Civil Rules.").

Mr. Carlson also makes a constitutional argument that he was entitled to notice. The Court finds that Mr. Carlson has not established a property interest in the OMC paraphernalia such that a constitutional challenge can stand. Mr. Carlson argues, and the Government has recognized, that OMC paraphernalia, such as vests and patches, are not owned by individual members. Rather, they are owned by the collective organization. Mr. Carlson states that he is designated above other OMC members to be custodian of OMC paraphernalia, thus he does possess a property interest. The Court agrees with the *Rosga* court that this allegation of collective ownership with Mr. Carlson as representative is not sufficient to establish a property interest. Mr. Carlson has not alleged

5

specific facts as to his oversight of the OMC paraphernalia at issue, or that he has ever possessed, acquired, or exercised his right of control over the OMC paraphernalia. The Court finds the rationale in *United States v. Morgan*, 224 F.3d 339, 343 (4th Cir. 2000), persuasive, in that the Court should deny relief to "third parties acting as nominees of the defendant or who knowingly engage in sham or fraudulent transactions." As the Court in *Rosga* convincingly concluded,

> [c]onvicted defendants in a racketeering or drug conspiracy case cannot avoid forfeiture merely by disclaiming their ownership interest in forfeited assets, with some other associate asserting that title to the property is jointly held by every member of the group. Were the Court to countenance such claims, criminal organizations would simply label the proceeds of their unlawful activities as 'shared,' and thereby avoid forfeiture altogether.

864 F. Supp. 2d at 450–51.

Likewise, the Court here finds that it is not required to reopen the closed forfeiture orders so that Mr. Carlson can assert an interest. He was not entitled to individualized or particularized notice. Thus, his petitions are untimely. Therefore, Mr. Carlson's pending motions are **DENIED**.

## IV. <u>CONCLUSION</u>

Accordingly, Mr. Carlson's Motion for a Hearing (Filing No. 2747), Motion to Reopen (Filing No. 2834), Motion to Compel (Filing No. 2877), and Motion for Judicial Notice (Filing No. 2905) are **DENIED**. The Government's Motions to Dismiss (Filing No. 2801 and Filing No. 2848) are **GRANTED**.

**SO ORDERED.**

Date: 10/22/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Bradley W. Carlson
7931 42nd Avenue
Kenosha, WI 53142-4503

Gwendolyn Beitz
INDIANA FEDERAL COMMUNITY DEFENDERS
gwendolyn_beitz@fd.org

Monica Foster
INDIANA FEDERAL COMMUNITY DEFENDERS
monica_foster@fd.org

Richard L. Ford
ATTORNEY AT LAW
rlfatty@gmail.com

Jessie Cook
LAW OFFICE OF JESSIE A. COOK
jessieacook@icloud.com

Kenneth Riggins
Kennethriggins@yahoo.com

Theodore John Minch
SOVICH MINCH LLP
tjminch@sovichminch.com

Kathrine D. Jack
LAW OFFICE OF KATHRINE JACK
kjack@jacklawoffice.com

Laura Paul
LAURA PAUL, PC
laura@laurapaul.net

James C. McKinley
ATTORNEY AT LAW
jmckinley@justice.com

Andrew S. Roesener
ANDREW S. ROESENER ATTORNEY AT LAW, P.C.
andyroesener@gmail.com

Brent Westerfeld
bwesterfeld@wkelaw.com

Vernon E. Lorenz
VERNON E. LORENZ, P.C.
vlorenz@vernonlorenzlaw.com

Kimberly S. Robinson
atty.robinson@icloud.com

Anthony B. Ratliff
DONINGER TUOHY & BAILEY LLP
aratliff@dtblegal.com

Thomas A. Brodnik
DONINGER TUOHY & BAILEY LLP
tbrodnik@dtblegal.com

Andrew J. Borland
BORLAND & GAERTE
ajb@indianapolisdefense.com

Victoria Ursulskis
ATTORNEY AT LAW
vursulsk@earthlink.net

Stanley L. Campbell
slcampbelll@yahoo.com

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

Doris Pryor
UNITED STATES ATTORNEY'S OFFICE
doris.pryor@usdoj.gov

Josh J. Minkler
UNITED STATES ATTORNEY'S OFFICE
josh.minkler@usdoj.gov